### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **JAMES MOORE,** individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| *v.* | |
| **WEALTH, HEALTH AND LIFE ADVISORS, LLC d/b/a GOMEDIGAP, LLC**, a Texas company and **EHEALTHINSURANCE SERVICES, INC.,** a Delaware corporation | |
| *Defendants,* | |

## CLASS ACTION COMPLAINT

Plaintiff James Moore ("Plaintiff Moore") brings this Class Action Complaint and Demand for Jury Trial against Defendant Wealth, Health and Life Advisors, LLC doing business as GoMedigap ("Defendant GoMedigap" or "GoMedigap") and Defendant eHealthInsurance Services, Inc. ("Defendant eHealthInsurance") to stop the Defendants from violating the Telephone Consumer Protection Act by making unsolicited telemarketing calls to consumers listed on the National Do Not Call Registry without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Moore, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences,

and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.      Plaintiff James Moore is a resident of Yulee, Florida.

2.      Defendant GoMedigap is a Texas registered company headquartered in Austin, Texas.   Defendant Ensurem conducts business throughout this District, Florida, and the US.

3.      Defendant eHealthInsurance is a Delaware registered corporation headquartered in Santa Clara, California.   Defendant eHealthInsurance conducts business throughout this District, Florida, and the US.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.      This Court has personal jurisdiction over the Defendants because the Defendants conduct business in this District.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case was directed to and received by the Plaintiff in this District.

## INTRODUCTION

7.     As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12.     According to online robocall tracking service "YouMail," 4.4 billion robocalls were placed in June 2021 alone, at a rate of 148 million calls per day. www.robocallindex.com (last visited July 13, 2021).

13.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14.     "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15.     "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

## COMMON ALLEGATIONS

16.     Defendant GoMedigap owns and operates agency call centers for selling Medicare throughout the US.[3]

17.     Defendant eHealthInsurance is leading private online health insurance exchange in the US, and it acquired GoMedigap in 2016.[4]

18.     The Terms and Conditions page on Defendant GoMedigap's website also states that it is owned and operated by eHealthInsurance Services, Inc[5]:

Homepage › Terms of Use

Welcome, and thank you for your interest in eHealthInsurance Services, Inc. ("eHealth," "we," or "us") and our websites at eHealthInsurance.com, eHealth.com, Medicare.com, eHealthMedicare.com, PlanPrescriber.com, GoMedigap.com, and our other websites where we post this document as the applicable terms of use, along with any related websites, networks, applications, insurance agent and representative services, and communication channels (including online chat and telephone call centers), and other services provided by us (collectively, our "Service"). These Terms of Use are a legally binding contract between you and eHealth regarding your use of the Service.

19.     The Licensing page on Defendant GoMedigap's website also confirms that Defendant eHealthInsurance is responsible for all operations of GoMedigap, and in fact GoMedigap is just another alias or a brand name used by Defendant eHealthInsurance[6]:

---

[3] https://www.linkedin.com/company/gomedigap/about/
[4] https://ir.ehealthinsurance.com/news-releases/news-release-details/ehealth-inc-announces-acquisition-gomedigap-further-accelerate
[5] https://www.gomedigap.com/terms-and-conditions/
[6] https://www.gomedigap.com/licensing/

Homepage ›  Licensing

This Web Site is brought to you by the following licensed brokers in each respective state which require insurance transactions to
be conducted through a licensed agent/broker. Each agent/broker is associated with eHealthInsurance Services, Inc, a Delaware
corporation with principal places of business at:

eHealthInsurance Services, Inc.

2625 Augustine Drive, Second Floor
Santa Clara, CA 95054
Tel: 1-844-839-4346

11919 Foundation Place, Suite 100
Gold River, CA 95670
Tel: 1-844-839-4346

20.     Defendant     GoMedigap,     operated     by     eHealthInsurance     places
unsolicited telemarketing calls, despite having never obtained the necessary consent
required to place the calls, to consumers' residential telephones, including phone
numbers listed on the National Do Not Call Registry.

21.     For example, in Plaintiff Moore' case, the Defendant placed multiple
calls to Plaintiff's cell phone number even though Moore never consented to receive
such calls.

22.     In response to these calls, Plaintiff Moore files this lawsuit seeking
injunctive relief requiring the Defendant to cease from violating the Telephone
Consumer Protection Act, as well as an award of statutory damages to the members
of the Class and costs.

23.     There are numerous complaints posted online about unsolicited
telemarketing calls which other consumers have received from or on behalf of

Defendant GoMedigap, including calls received on numbers registered on the National Do Not Call Registry. For instance:

- "GoMedigap will not stop calling me. I have never filled out a form for ehealth nor medicare, so I'm unsure how they got my number. They call up upwards of 5 times a day from almost the exact same phone number except for the last four digits. I assume those are different agent phone numbers that work there. I crossed referenced the phone number and it is GoMediGap in Austin's number. I tried to answer and tell them to stop calling me but they immediately hung up. Put me on your do not call list."[7]

- "I have been trying to stop the phone calls from GoMedigap - on a daily basis I receive 15 calls from them. I have repeatedly asked them to stop calling - I have blocked their numbers and I have not answered their calls - I can't however get them to stop calling me."[8]

- "I have advised this company to take me off their call list over 10 times and still receive robocalls from this company everyday. I did not give this company permission to call my number or to advertise to me. The calls have not stopped and I am getting calls on my cell phone while I am at

---

[7] https://www.bbb.org/us/tx/austin/profile/insurance-companies/gomedigap-0825-90047504/complaints
[8] https://www.bbb.org/us/tx/austin/profile/insurance-companies/gomedigap-0825-90047504/complaints

work. If further calls persist I will file a legal complaint against this company for harassment."[9]

- "We were particularly annoyed with the fact the call was placed to our home on a Sunday morning."[10]

- "After getting 11 calls that hung up when I answered They sound like scammers. When I explained I am on do not call list it doesn't matter to them they keep on calling. Is this company that pays no attention to law?"[11]

- "unsolicited call…trys to sell medicare plan"[12]

- "Silent call unwanted"[13]

- "They keep hounding me even after they agreed to stop contacting me several weeks ago."[14]

- "Calls multiple times per day."[15]

## PLAINTIFF MOORE'S ALLEGATIONS

24.    Plaintiff Moore registered his cell phone number on the DNC on May 2, 2007.

25.    Plaintiff's number is for personal use and not associated with a business.

---

[9] https://www.bbb.org/us/tx/austin/profile/insurance-companies/gomedigap-0825-90047504/complaints
[10] https://www.callercenter.com/512-920-1312.html
[11] https://www.facebook.com/gomedigap/reviews/?ref=page_internal
[12] https://us.shouldianswer.net/phone-number/7373004201
[13] *Id.*
[14] https://800notes.com/Phone.aspx/1-737-300-4201
[15] https://whocallsme.com/Phone-Number.aspx/7373004201

26.    In June 2021, Plaintiff started receiving a series of unsolicited calls from the Defendant GoMedigap. All these calls were placed using phone numbers beginning with area code 512, and "GoMedigap" was displayed on Plaintiff's caller id for each of these numbers.

27.    Plaintiff received the following calls from the Defendant:

i.  On June 16, 2021, at 4:42 PM from 512-371-6766. Plaintiff answered this call, but there was silence on the call.



ii.  On June 16, 2021, at 5:00 PM from 512-717-3877. Plaintiff answered this call, but there was silence on the call.



iii.  On June 16, 2021, at 6:03 PM from 512-838-3792. Plaintiff did not answer this call.



iv. On June 17, 2021, at 9:51 AM from 512-920-1318. Plaintiff did not answer this call.



v. On June 17, 2021, at 11:55 AM from 512-920-1312. Plaintiff answered this call, but there was silence on the call. Frustrated by these constant calls, Plaintiff called this number back and spoke to an agent who identified the company as "GoMedigap". Plaintiff Moore told the agent to stop calling him and to "lose my number."



vi. On June 17, 2021 at 2:06 PM, over 24 hours after the Plaintiff

instructing the Defendant GoMedigap's agent to stop calling

his cell phone, Plaintiff Moore received yet another silent call

from 512-920-1317.



28.   Each of these numbers when called back, are answered by the same

pre-recorded voice message which states the company name as,

"GoMedigap… operated by eHealthInsurance Services, Inc.",

identifying that these numbers belong to Defendant GoMedigap and are

operated by Defendant eHealthInsurance.

29.    Plaintiff Moore is not on Medicare and was not looking for any Medicare related products or services and did not give consent to either of the Defendants to call his cell phone.

30.    The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of the Defendants have harmed Plaintiff Moore in the form of annoyance, nuisance and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

31.    The unsolicited calls that Plaintiff received also caused him great anxiety and concern that the calls will continue.

32.    Seeking redress for these injuries, Plaintiff Moore, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

33.    Plaintiff Moore brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant GoMedigap or Defendant eHealthInsurance called more than one time, (2) within any 12-month period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days.

34.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Moore anticipates the need to amend the Class definition following appropriate discovery.

35.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant GoMedigap or its agents placed multiple calls to Plaintiff Moore and members of the Do Not Call Registry Class without first obtaining their consent to call;

(b)     whether Defendant eHealthInsurance controls and is responsible for the actions and conduct of Defendant GoMedigap;

(c)     whether Defendants' conduct constitutes a violation of the TCPA;

(d)     whether Class members are entitled to an injunction against the Defendants preventing them from making unsolicited calls; and

(e)     whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

37.     **Adequate Representation**: Plaintiff Moore will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff Moore has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Moore and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff Moore nor his counsel have any interest adverse to the Class.

38.     **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to

ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Moore. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Moore and the Do Not Registry Class)**

39.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

15

41.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

42.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as the Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

43.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

44.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)      An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)      An award of actual and/or statutory damages and costs;

c)      An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)      An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)      Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Moore requests a jury trial.

> **JAMES MOORE**, individually and on behalf of all others similarly situated,

DATED this 15th day of July, 2021.

17

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman* (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Trial Counsel

*Attorneys for Plaintiff and the putative Class*